BOUTALL, Judge.
Plaintiff is a workman who was injured during his employment and he has filed suit for personal injuries and damages in tort against various executive officers and management employees of his employer. He appeals from an adverse jury verdict.
Dave Powell was employed by Tac Amusement Company, Inc., for a number of years and at his request was transferred to the “move department” which handled the operation of moving Tac’s various amusement machines and devices. On March 23, 1976, he was assigned to assist in picking up and returning to Tac a pool table. In the process of unloading the pool table at Tac’s premises, it fell out of the truck on plaintiff, injuring his right leg. Powell brought suit against the named defendants, executive officers and management employees of Tac, asserting tort liability under the provisions of Louisiana Civil Code Article 2315. A jury trial ensued and the jury rendered a verdict against Powell, answering interrogatories addressed to it by finding that Powell was guilty of negligence and that his negligence was a proximate cause of the accident. The jury found no negligence on the part of any defendants, and accordingly judgment was rendered dismissing Powell’s suit. On this appeal, Powell assigns two errors: 1) That the verdict of the jury is *765 unsupported by the law and the evidence as to the proximate cause of Powell’s accident and 2) charging the jury that contributory negligence was a bar to recovery in this case was clearly erroneous, per Baumgartner v. State Farm Mutual and Auto Insurance Company, 356 So.2d 400 (La.1978).
The testimony of Powell is that the truck unexpectedly moved forward while the pool table was being moved from it, that this caused the table to roll backwards off the truck, that he could not get away and the table fell on his feet. He testified that because of a bad battery the truck was parked with its motor running so that the tailgate loader, described as either pneumatic or hydraulic, could be operated with sufficient electricity. Because the emergency brake was inoperative, the truck was free to move and for some reason it did. Two witnesses supported his testimony of an inoperative brake and bad battery.
As opposed to this, the defendants introduced evidence that the brake was not bad, and that the battery was not defective. William Newport, who was present at the scene of the accident, and who attempted to prevent the table from falling, placed the cause of the accident on a combination of two circumstances, 1) that the pool table was being moved with the heaviest portion, i.e., the slate bed, on the outside, and 2) that the right wheel of the dolly carrying the pool table had moved off the lip of the tailgate as a result of misjudgment in placing the table onto the tailgate.
The issue thus resolves itself into a matter of credibility of the witnesses which the jury obviously answered in favor of the defendants. We cannot disturb that jury finding absent clear and manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973). We find no such error, and indeed we agree with the jury’s findings.
The testimony of plaintiff Powell raises serious doubts as to his credibility, not only in respect to the accident but also as to the extent of his injuries. The testimony of his witnesses, McZeal and Nash, as to the emergency brake conflicts with reasonable fact. It is difficult to believe that the truck could be driven for two years with bad brakes and the brake lever dangling loose, without them, as drivers, having reported the condition or that such a noticeable condition would not have been repaired.
We believe the facts to show that Dave Powell was the experienced man in this operation, and that he attempted to remove the pool table in a dangerous and improper fashion, causing him to be injured. We note that all witnesses except Powell were aware that the truck was equipped with chocks to hold the wheels in place to keep it from moving if necessary. Similarly, everyone was aware that the pool table should be moved with the legs sticking out toward the rear and the bed toward the truck body so that if any accident occurred, the table would fall to its heaviest side, the slate bed. In short, a preponderance of the evidence favors the jury’s verdict.
The second assignment of error is that the jury charge was erroneous as per Baumgartner v. State Farm, supra. We simply say that a reading of that case demonstrates that its principles do not apply to a situation like this where a truck is backed against a loading dock and the workmen are engaged in loading the truck. Additionally, we point out that the trial judge specifically asked each attorney if there were any objections to the charge and all replied that there were none. Appellant cannot raise his objection on appeal. See Code of Civil Procedure Article 1793. Appellant also asserts that the jury did not understand “proximate cause” because it asked for further instructions. However, appellant offers nothing other than this assertion for our consideration, and we simply consider that this was a conscientious jury which wanted to be sure that justice would be served.
For the above reasons, we affirm the judgment at appellant’s costs.
AFFIRMED.